J. Robert Lynch, J.
The plaintiffs have sued in this court to recover for personal injuries sustained when their car collided on Griffis Air Force Base with a car owned by the defendant Fatata and driven by the defendant Armstead. The complaint alleges that Armstead was driving with the permission of Fatata and on its face states a cause of action. Before answer, the defendants move to dismiss the complaint on a number of grounds set forth in CPLR 3211 (subd. [a]) all encompassed in their averment that the plaintiffs’ sole remedy is against the United States according to section 2679 of title 28 of the United States Code. They support this with their affidavits and hearing testimony that at the time of the accident both were employees of the United States and that the car was being driven within the scope of that employment.
Weinstein-Korn-Miller points out that in motions to dismiss involving Federal pre-emption of subject matter jurisdiction “ [difficult questions sometimes arise * * * when the cause arguably involves violations of either a state or a federal right or both ”. (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.13.) A holding here that the defendants were acting within the scope of Federal employment would bring a dismissal of the action but would not be binding on the United States which is not a party. Thus the plaintiffs might be left without a remedy. A holding that the defendants were not within the scope of Federal employment would expose them to personal liability even though the United States might concede the contrary were it a party.
Fortunately, the law is not so imperf ect. We are not required to make any resolution in the matter. If the defendants are to obtain the benefits of the Federal pre-emption of section 2679 of title 28 of the United States Code, they must follow its provisions by turning their suit papers over to the United States Attorney General (U. S. Code, tit. 28, § 2679, subd. [c]) who will then certify if the defendants were within the scope of Federal employment and the action will be removed to Federal court (U. S. Code, tit. 28, § 2679, subd. [d]). It is implicit in the statute that if the defendants do not turn over their suit papers or if the Attorney Géneral does not certify to their being in the scope of Federal employment, the State action continues against the defendants personally.
The motion must be denied.