**Lucy KITCHEN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. N89–001 Civ.

United States District Court, D. Alaska.

June 30, 1989.

William G. Azar, Anchorage, Alaska, for plaintiff.

Larry Card, Office of the U.S. Atty., R. Collin Middleton, Middleton, Timme & McKay, Anchorage, Alaska, Leon B. Taranto, Torts Branch, Civ. Div. U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

*Motion to Strike & Motion to Remand Denied*

HOLLAND, Chief Judge.

The court has now before it plaintiff Lucy Kitchen's motion to remand this case to the Superior Court for the State of Alaska, Second Judicial District at Nome. The plaintiff has also filed a motion to strike the notice substituting the United States as the party defendant. Said motions are opposed by the defendant, United States of America. Plaintiff has requested oral argument, but the court does not deem oral argument necessary to the disposition of these motions.

This is a medical malpractice action originally brought against Norton Sound Health Corporation for the alleged negligence of one of its doctor employees. Plaintiff alleges that as a result of said doctor's negligence, while acting within the scope of his employment, plaintiff suffered severe permanent brain injuries.

▄ The United States removed the instant case pursuant to 28 U.S.C. § 2679(d)(2). Plaintiff argues that said statute is inapplicable to this case. In the first place, plaintiff contends that Section 2679(d)(2) is applicable only to suits against federal employees arising out of their operation of motor vehicles in the scope of their employment. This argument is largely based on the assumption that Section 2679, as amended in 1988,[1] is not applicable to this case. Plaintiff also argues that, even if Section 2679(d)(2) is applicable to this case, the United States' removal of this case was untimely.

Section 2679(d)(2) provides:

(2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a state court shall be removed without bond *at any time before trial* by the Attorney General to the District Court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

(Emphasis added.) Section 2679(d)(2) of Title 28, United States Code, by its express, plain language, has application to pending state court cases such as this. This case was not tried in state court. It was properly and timely removed before trial.

Plaintiff contends that Public Law No. 100–694 at Section 8(c)[2] applies in this case. Public Law No. 100–694 at Section 8(c) provides as follows:

(c) Pending State Proceedings.—With respect to any civil action or proceeding pending in a State court to which the amendments made by this Act apply, and as to which the period for removal under section 2679(d) of title 28, United States Code (as amended by section 6 of this Act), has expired, the Attorney General shall have 60 days after the date of the enactment of this Act during which to seek removal under such section 2679(d).

This case was not removed within sixty days of enactment of Public Law No. 100–694. However, because the instant case was not *tried* in state court, the time for removal has not expired. Section 8(c) of Public Law No. 100–694 has no application to this case.

Returning to plaintiff's contention that Section 2679 applies to suits against federal employees arising from their operation of motor vehicles, the plain language of Public Law No. 100–694 makes it clear that this

---

1. Public Law No. 100–694

2. Federal Employees Liability Reform & Tort Compensation Act of 1988, Pub.L. No. 100–694,

1989 U.S.Code Cong. & Admin. News (102 Stat.) 4563, 4566.

184

amendment has application to all claims which are cognizable under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq.* The amendment to Section 2679(b)(1) makes no mention of suits against federal employees arising out of their operation of motor vehicles.[3] Plaintiff is mistaken in her contention that the removal statute in question applies only to suits against federal employees arising out of their operation of motor vehicles in the scope of their employment.

■ Plaintiff also contends that "[n]o 'employee' was ever a Defendant in this action." Section 2679(d)(2) provides:

This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

In the instant case, the attorney general has certified that Norton Sound Health Corporation was an employee acting within the scope of its employment. The question of whether or not an Indian contractor is an "employee" for purposes of Section 2679(d)(2) is answered by Public Law No. 100–446 which became law on September 27, 1988, and which provides in pertinent part:

[F]or purposes of ... 42 U.S.C. § 233(a) ... with respect to claims by any person for personal injury, including death, resulting from the performance prior to, including, or after December 22, 1987, of medical, surgical, dental or related functions ... an Indian tribe, a tribal organization or Indian contractor carrying out a contract, grant agreement, or coop-

erative agreement under Sections 102 or 103 of this Act is deemed to be part of the Public Health Service in the Department of Health and Human Services while carrying out any such contract or agreement and its employees ... *are deemed employees of the Service while acting within the scope of their employment in carrying out the contract or agreement.*[4]

Title 42 U.S.C. § 233(a) provides:

(a) The remedy against the United States provided by Sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under Section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental or related functions, including the conduct of clinical studies or investigation by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

By virtue of the reference to 42 U.S.C. § 233(a), in Public Law No. 100–446, it is clear that the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq.*, is the exclusive remedy for claims such as plaintiff's and that Indian contractors are "employees" protected by Public Law No. 100–446. Thus, Norton Sound Health Corpora-

3. "[I]f the later act covers the whole subject of the earlier one and is clearly intended as a substitute, it will operate similarly as a repeal of the earlier act."
Kremer v. Chemical Construction Corp., 456 U.S. 461, 468, 102 S.Ct. 1883, 1890, 72 L.Ed.2d 262 (1982), *quoting Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 154, 96 S.Ct. 1989, 1993, 48 L.Ed.2d 540 (1976).
  28 U.S.C. § 2679(b)(1), as amended by Public Law No. 100–694, now provides for actions against "any employee". 28 U.S.C. § 2679(b)(1) states:
  (b)(1) The remedy against the United States provides by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the

negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

4. Public Law No. 100–446 modified Public Law No. 100–202, which preceded Public Law No. 100–446 (emphasis supplied).

tion was an employee acting within the scope of its employment for purposes of 28 U.S.C. § 2679(d)(2) upon certification by the attorney general.

■ Next, the court considers the plaintiff's contentions that Public Law No. 100–446 is unconstitutional because it is the product of illegal lobbying activities by Norton Sound Health Corporation, and/or because the retroactive application of Public Law No. 100–446 unconstitutionally deprives plaintiff of a vested right.

In the first place, the plaintiff has failed to provide the court with any authority whatsoever that "illegal lobbying efforts" by a defendant can have the effect of depriving a plaintiff of due process of law. Furthermore, plaintiff complains that the retroactivity of Public Law No. 100–446 to her case deprives her of vested rights. Plaintiff filed her action in state court which, she claims, provided her with: "a trial by jury; liberal tolling of the statute of limitations in cases of brain injury; the ability to sue a private corporation for its acts of negligence; a convenient forum; the ability to place the action on a fast track system for quick resolution; and, the availability of the insurance coverage of the North Sound Health Corporation." Plaintiff's reply memorandum at 10.

Quite simply, the plaintiff has no vested rights in her state law causes of action. The question whether the rights asserted in plaintiff's state-law causes of action are "vested" cannot be answered by looking to see whether suit had already been filed and how far it had proceeded when Congress enacted § 2212. "No person has a vested interest in any rule of law entitling him to insist that it shall remain unchanged for his benefit." This is true after suit has been filed and continues to be true until a final, unreviewable judgment is obtained. Chief Justice Marshall first announced the principle in *The Schooner Peggy*, 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801). The Supreme Court held in that case that a court must apply the law in force at the time of its decision, even if it is hearing the case on appeal from a judgment entered pursuant to a prior law. For a more recent and stringent application of this rule, *see 149 Madison Avenue Corp. v. Asselta*, 331 U.S. 795, 67 S.Ct. 1726, 91 L.Ed. 1822 (1947), *modifying* 331 U.S. 199, 67 S.Ct. 1178, 91 L.Ed. 1432 (1947).

Because rights in tort do not vest until there is a final, unreviewable judgment, Congress abridged no vested rights of the plaintiff by enacting § 2212 and retroactively abolishing her cause of action in tort.

*Hammond v. United States*, 786 F.2d 8, 12 (1st Cir.1986) (citations and footnote omitted).

On the foregoing authority, this court rejects plaintiff's argument that the retroactive application of Public Law No. 100–446 unconstitutionally deprives her of vested rights is contrary to established precedent.

For the foregoing reasons, the plaintiff's motions for remand and to strike notice of substitution of the United States as the party defendant are hereby denied.