**James E. TASSIN, Plaintiff,**

v.

**James E. NENEMAN, Defendant.**

**No. 87-2591-V.**

United States District Court,
D. Kansas.

June 3, 1991.

Craig J. Altenhofen, Harper, Hornbaker & Altenhofen, Chtd., Junction City, Kan., for plaintiff.

Paul P. Hasty, Jr., Jeffrey L. Lauersdorf, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This matter is before the court on defendant's motion for summary judgment (Doc. 52). Plaintiff has requested oral argument on the motion, but the court has determined that oral argument would not assist the court in reaching its decision, and the request is therefore denied. D.Kan. 206(d). The defendant moves for summary judgment on the assertion that plaintiff's claims are barred by the Federal Drivers Act, 28 U.S.C. § 2679(b), or by plaintiff's failure to exhaust the administrative remedies provided by the Federal Employees Compensation Act, 5 U.S.C. §§ 8101 *et seq.*

Although his grounds for summary judgment are legal, rather than factual, the defendant is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists, and

that summary judgment is proper as a matter of law. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985).

The facts are not disputed. On August 10, 1987, defendant was involved in a motor vehicle/pedestrian accident on the military base at Ft. Riley, Kansas. Defendant was behind the wheel of a vehicle which struck the plaintiff, Sgt. James E. Tassin. The plaintiff was on active duty at the time of the accident and was participating in a physical training exercise. The defendant, an Army lieutenant on active duty status, was going to a staff meeting. The plaintiff brought this personal injury action against the defendant, and has since died from his injuries. Summary judgment was entered by the court (by Judge Saffels), based on the military immunity rule recognized in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Judge Saffels' decision was reversed by the Tenth Circuit Court of Appeals, which found that *Feres* did not apply to the case. *Durant v. Neneman*, 884 F.2d 1350 (10th Cir.1989), *cert. denied sub nom. Neneman v. Tassin*, — U.S. ——, 110 S.Ct. 728, 107 L.Ed.2d 747 (1990). The defendant's present motion for summary judgment primarily rests on his alleged immunity to tort liability under the Federal Drivers Act.

The Federal Drivers Act immunizes government employees from tort liability for acts committed within the scope of their employment. 28 U.S.C. § 2679(b); *Carr v. United States*, 422 F.2d 1007 (4th Cir.1970); *Brown v. Anderson*, 430 F.Supp. 337 (W.D. Okla.1976). The plaintiff argues that the Tenth Circuit decision included a finding that the defendant was acting outside the scope of his employment. The Court's opinion in *Durant v. Neneman*, however, only addresses the defendant's "military action" immunity under the *Feres* doctrine, not whether he was acting within the scope of his employment. *Durant*, 884 F.2d at 1354.

The parties view the issue as simply a question of whether the defendant was within the scope of his employment when the accident occurred and, thus, whether or not the Act applies. The court, however, finds that defendant Neneman lacks standing to raise the immunity defense. The relevant portion of the Federal Drivers Act, as it now appears, states that:

(b)(1) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim....

(c) The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury. *The employee against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him* or an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish such copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of the employing federal agency.

(d)(1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any civil action or proceeding commenced upon such a claim in a United States District court shall be deemed an action against the United States under the provisions of this title and all references thereto.....

28 U.S.C. § 2679(b)(1), (c) & (d)(1) (as amended and made effective by Act Nov.

18, 1988, P.L. 100–694, § 8, 102 Stat. 4565) (emphasis added).

Defendant argues that section 2679(b) insulates him from liability because the remedies it mentions, provided by sections 1346(b) and 2672, are exclusive. This argument overlooks the obvious fact that plaintiff did not pursue those remedies, and defendant failed to preserve his own immunity.

Sections 2672 and 1346(b) address, respectively, administrative adjustment of claims *against the United States,* and the exclusive federal district court jurisdiction over claims brought *against the United States* under section 2671 *et seq.* This action was not brought against the United States; it was brought against the employee. Section 2679(b) allows the employee to refer the case to the attorney general, and upon certification that the employee was acting within the scope of his employment, the government will step in and take the employee's place as the defendant. The action would then become a claim against the United States, and section 2679(b) would then prevent later proceedings against the employee. Because these steps were not followed, and the time limit imposed by the statute had expired[1], the claim cannot become one against the United States, and plaintiff's only remedy is against the employee.

The language of section 2679(c) unmistakably requires the employee to deliver all process served upon him to his superiors within the deadlines established by the Attorney General, as a prerequisite to certification and immunity. This requirement allows the Attorney General to review the case and decide whether to issue the certification, waiving the government's sovereign immunity, and proceed with the substitution of the government as the defendant. Only after the government has been substituted does the action become one against the United States, and because it is an action against the United States, it triggers the immunity conferred by section 2679(b).

*See Meeker v. United States,* 435 F.2d 1219, 1222 (8th Cir.1970) (Although case involved removal to federal court, the exclusivity of remedies provision of section 2679(b) is effectuated under section (d), upon certification by the United States Attorney).

In the present case, the defendant failed to obtain the attorney general's certification, and thus failed to obtain immunity under the Federal Drivers Act. There is no indication that the defendant has even attempted to meet the minimal delivery of process requirements of 28 U.S.C. § 2679(c). Immunity under the Act depends upon the Attorney General's certification that the employee was within the scope of his employment, and Congress delegated the authority to make that determination to the Attorney General. *See Aviles v. Lutz,* 887 F.2d 1046, 1048–50 (10th Cir.1989) (*disagreed with by multiple cases as stated in Springer v. Bryant,* 897 F.2d 1085 (11th Cir.1990) (noting split among circuits on question whether Attorney General's scope determination is subject to judicial review)). It is the defendant's own failure to comply with the requirements of section 2679(c) which has prevented a the Attorney General's determination whether he was within the scope of his employment, and we read the statute to preclude the court from making that determination.

Although other courts have found that the exclusivity provision is absolute, and that the only remedy is against the United States, we cannot read the statute to support that interpretation. That interpretation would write the certification and forwarding of process papers requirements completely out of the statute and would allow the employee to ignore the section (c) requirements, and thus to profit by his failure to comply with the statutory requirements. *See Wollman v. Gross,* 637 F.2d 544 (8th Cir.1980), *reh'g denied,* 646 F.2d 1306 (8th Cir.1981), *cert. denied,* 454

---

**1.** The act requires the employee to deliver all process served upon him to his supervisors or other designated person, and this must be done within the time determined by the Attorney General, which apparently means that the employee must "promptly" deliver the process, and "immediately" notify his superiors. *See* 28 C.F.R. § 15.1.

U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981); *Fancher v. Baker,* 240 Ark. 288, 399 S.W.2d 280 (1966); *citing Perez v. United States,* 218 F.Supp. 571 (S.D.N.Y. 1963). We believe that the defendant's failure to fulfill the requirements of the Federal Drivers Act precludes him from sua sponte claiming immunity under the Act. *See Rheams v. Bankston, Wright & Greenhill,* 756 F.Supp. 1004 (W.D.Tex. 1991); *Streeper v. U.S.,* 1988 WL 71316 (E.D.Pa.1988); *Brennan v. Fatata,* 78 Misc.2d 966, 967, 359 N.Y.S.2d 91, 92 (1974) ("It is implicit in the statute that if the defendants do not turn over their suit papers or if the Attorney General does not certify to their being in the scope of Federal employment, the State action continues against the defendants personally."); *cited with approval in Kelley v. United States,* 568 F.2d 259, 264–65 (2d Cir.1978), *cert. denied,* 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed.2d 124 (1978). The court is convinced that the defendant has failed to satisfy the statutory prerequisites, in effect waiving the immunity granted by the Act, and therefore the immunity defense is invalid. We find no basis for summary judgment.

▪ The defendant's second argument is that plaintiff may not pursue this action because he has failed to exhaust the administrative remedies provided by the Federal Employees' Compensation Act, 5 U.S.C. §§ 8101 *et seq.* We do not agree. Simply put, that Act does not apply to these parties. Consequently, plaintiff had no remedy to exhaust. The Act applies to certain federal employees, but military officers and military personnel are conspicuously absent from the list of those employees covered by the Act. 5 U.S.C. § 8101(1). Defendant has cited no cases holding that the Act applies to military employees, and the court has found no such authority. *See Sims Motor Transport Lines, Inc. v. Foster,* 293 S.W.2d 226 (Ky.1956) (sergeant in United States Army not "employee" as defined by predecessor of 5 U.S.C. § 8101).

The court therefore finds that neither defense is legally sufficient to support summary judgment. Unresolved issues of fact remain for trial, and summary judgment is therefore inappropriate.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion for summary judgment (Doc. 52) is denied.

Copies of this order shall be mailed to all counsel of record for the parties.

IT IS SO ORDERED.