414 S.E.2d 450

**Stephen R. WILLIS, Plaintiff Below, Appellant,**

**v.**

**Major General Joseph SKAFF, as the Adjutant General of the State of West Virginia and Head of the West Virginia National Guard, and the West Virginia National Guard, Defendants Below, Appellees.**

**No. 20265.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 28, 1992.

Decided Feb. 6, 1992.

Henry E. Wood, III, Charleston, for appellant.

Daniel R. Schuda, Steptoe & Johnson, Charleston, for appellees.

NEELY, Justice:

Stephen R. Willis brought suit against Major General Joseph Skaff, the Adjutant General of the State of West Virginia and head of the West Virginia National Guard, and against the West Virginia National Guard in the Circuit Court of Kanawha County for injuries that he received when he was struck by a National Guard vehicle. The circuit court granted the defendants' motion to dismiss, finding that the court lacked subject matter jurisdiction and that the suit must be heard in federal court because the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (1988), preempts any state action. Mr. Willis now appeals. We affirm.

Mr. Willis is a member of the West Virginia National Guard and was on active duty for training on 7 May 1988, when he was struck by a National Guard vehicle driven by another Guard member. Under the Federal Tort Claims Act, on-duty members of the National Guard are considered to be employees of the federal government. Title 28 U.S.C. § 2671 (1988) provides:

"Employee of the government" includes officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under § 316, 502, 503, 504 or 505 of Title 32, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation.

"Acting within the scope of his office or employment", in the case of a member of the military or naval forces of the United States or a member of the National Guard defined in § 101(3) of Title 32, means acting in line of duty.

At the time of the accident, both Mr. Willis and the driver of the vehicle that struck him were engaged in National Guard duty pursuant to 32 U.S.C. § 502 (1971). The Federal Tort Claims Act also provides:

> The remedy against the United States provided by §§ 1346(b) and 2672 of this Title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1) (1988).

Under the plain language of these statutes, Mr. Willis' claim in state court is preempted by federal law. *See Turner v. Ralston*, 409 F.Supp. 1260 (D.C.Wis.1976) (holding Federal Tort Claims Act as sole cause of action for person injured in automobile accident with federal employee); *Thomason v. Sanchez*, 398 F.Supp. 500 (D.C.N.J.1975) (suit by military serviceman injured by vehicle driven by an on-duty military serviceman must be brought under Federal Tort Claims Act).

The appellant claims that he should be able to sue the Adjutant General as a part of the executive branch of state government. Specifically, the appellant claims that because the Adjutant General is empowered to secure insurance under *W.Va.Code*, 15–1A–1a [1966], that appellant should be allowed to sue the Adjutant General for these funds. Although this may sound perfectly reasonable, *the appellant's claim is preempted by federal law.*

Furthermore, the insurance that the Adjutant General obtained is not for the National Guard when it is engaged in federal duty, but when it is operating as a state entity.[1]

For the foregoing reasons, the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.

---

1. For instance, if the Governor calls out the National Guard for flood control assistance in Mingo County, this insurance would presumably cover damages caused by the Guard in that situation.