A96A1025. JONES v. LITTLEJOHN et al.
(474 SE2d 714)

BLACKBURN, Judge.

Upon our grant of his application for interlocutory appeal, Roger Jones appealed the trial court's denial of his motion for summary judgment. Jones, defendant in the underlying action for damages arising from a two-car collision, contends that both he and Richard Littlejohn, plaintiff, were on active duty in the military at the time of the collision and, therefore, the doctrine of intra-military immunity bars Littlejohn's complaint.

1. We are initially concerned with the jurisdictional implications raised by the Federal Tort Claims Act (FTCA). Specifically, 28 USC § 2679 (c) provides that "[t]he Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury." However, the Code section further requires that the defendant must deliver the suit papers to his superior who shall deliver them to the United States attorney. 28 USC § 2679 (d) (2) provides that the Attorney General shall make a determination as to whether the defendant was "acting within the scope of his office or employment at the time of the incident." Where the Attorney General determines that the defendant was acting within the scope of his employment, the case is removed to federal court, and the defendant is deemed to be the United States. See id.

In the present case, the record contains neither evidence that Jones delivered the present suit to his superior nor evidence regarding any finding made by the United States attorney regarding whether Jones was acting within the scope of his employment at the time of the incident. No Georgia case addresses the procedure for handling such a case; however, faced with similar circumstances, federal courts have determined that the action proceeds the same as those filed against government employees individually. See *Kelley v. United States*, 568 F2d 259, 264-265 (2nd Cir. 1978); *Combs v. United States*, 768 FSupp. 584, 592 (E.D. Ky. 1991); *Tassin v. Neneman*, 766 FSupp. 974, 977 (D. Kan. 1991). See also *Brennan v. Fatata*, 359 NYS2d 91, 92 (78 Misc.2d 966) (1974). We agree with and adopt the federal court's interpretation of 28 USC § 2679. The plain language of

§ 2679 (c) unmistakably required Jones to deliver all process served upon him to his superiors. Either Jones has not forwarded the materials to the appropriate authorities or he has failed to present evidence of any determination made by the United States Attorney General.[1] Absent the defendant's compliance with the Code, the suit continues as filed.

2. Having determined that the state courts of Georgia have retained jurisdiction over this case, we now address whether the trial court correctly denied Jones' motion for summary judgment based upon the doctrine of intra-military immunity. Such a determination requires an overview of the *Feres v. United States*, 340 U. S. 135, 146 (71 SC 153, 95 LE 152) (1950), doctrine and intra-military immunity.

"In an effort to provide remedies for wrongful government actions through a waiver of sovereign immunity and to relieve Congress of the burden and the public of the inequities of private bills, Congress enacted the Federal Tort Claims Act." (Punctuation omitted.) *Pierce v. United States*, 813 F2d 349, 351 (11th Cir. 1987). The FTCA provides a waiver of the United States' sovereign immunity and allows civil actions against it "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 USC § 1346 (b). In *Feres*, the Supreme Court created an exception to government liability under the FTCA for injuries arising out of or in the course of activity "incident to" military service.

"From this holding stems the first of what we recognize as two prongs of a doctrine of immunity which courts have come to call 'the *Feres* doctrine.' The first prong consists of those cases in which a plaintiff connected with the military asserts liability against the United States under the FTCA for injury arising out of activity which is incident to service. These are true *Feres* cases, and in an unbroken line from *Feres*, courts have granted immunity to federal defendants upon *Feres* rationales.

"The second prong consists of those cases in which liability is asserted by servicemen against military actors for acts committed within the context of military service. From these cases has developed what we refer to as 'the doctrine of intra-military immunity.' While courts employ *Feres* rationales in applying intra-military immunity, it cannot be said accurately these are true *Feres* cases

---

[1] Of course, if the United States Attorney General determined that Jones was not acting within the scope of his employment at the time of the collision, Littlejohn's action would proceed appropriately in superior court. See 28 USC § 2679 (d) (2).

because the claims asserted are not founded upon the FTCA and the liability of the United States is not implicated. . . . [However], the concept of intra-military immunity does have its roots in part of the rationale of *Feres.*

"*Feres* is grounded upon three broad rationales. First, the relationship between the government and the members of its armed forces is distinctively federal in character. Second, statutory veterans' benefits provide an upper limit of liability for the Government as to service-connected injuries. Third, suits by a service member against the government would involve the judiciary in sensitive military affairs at the expense of military discipline and effectiveness.

"The doctrine of intra-military immunity is an outgrowth of the third *Feres* rationale that decries the propriety of civilian courts delving into military matters and calling to bar military decisions and institutions." (Citations, punctuation and footnotes omitted.) *Durant v. Neneman,* 884 F2d 1350, 1352 (10th Cir. 1989). "Thus, our evolving jurisprudence has created a zone of protection for military actors, immunizing actions and decisions which involved military authority from scrutiny by civilian courts. . . . [T]his zone[, however,] was never intended to protect the personal acts of an individual when those acts in no way implicate the function or authority of the military." Id. at 1353. Therefore, in the present case, the remaining issue for determination is whether Jones was performing a military act at the time of the collision.

In the present case, the only evidence contained in the record is Jones' affidavit. Jones avers, therein, that both parties were on active duty with the United States Army, that Littlejohn holds the rank of E-4, that Jones is a Sergeant First Class, and that Jones' private vehicle collided with Littlejohn's vehicle on the premises of Fort Stewart, Georgia. In his affidavit Jones asserts that he and Sergeant Malcolm Scott were on "their way to continue their military duties and were not on any private errand or personal business." Therefore, Jones and Sergeant Scott were either on their way to work or were traveling from one work post to another.

On motion for summary judgment, "the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the non-moving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). In the present case, Jones relies on the doctrine of intra-military immunity, which is an affirmative defense, for which he has the burden of proof at trial. Viewing the evidence in the light most favorable to the non-moving party, Jones' affidavit does not contain sufficient testimony to determine with certainty whether Jones was engaged in a military act at the time of the collision. And, as Jones will have the burden of

proof as to his affirmative defense, no burden to produce evidence was placed on Littlejohn as to this issue upon Jones' motion for summary judgment. See cf. id. Therefore, the trial court correctly denied Jones' motion for summary judgment.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED AUGUST 15, 1996.

*Beckmann & Pinson, Joseph H. Barrow*, for appellant.
*Henderson & Henderson, Michael P. Ludwiczak*, for appellees.