[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKEDEFENDANT'S FIRST AMENDED SPECIAL DEFENSE
This action involves a claim for damages brought by the plaintiff, Kenneth J. Osik, against the defendant, Thomas A. Gardner, Jr., for injuries sustained as a result of a vehicular accident occurring at the United States Submarine Base in Groton, Connecticut. Presently before the court is plaintiff's motion to strike defendant's first amended special defense.
The special defense alleges that this court lacks subject matter jurisdiction under § 2675 of the Federal Tort Claims Act, 28 U.S.C.A. §§ 2671-2680 (1994). Specifically, the defendant asserts that because he was a government employee engaged in government business at the time of the accident, the provisions of the federal act apply and the plaintiff is required to exhaust his federal administrative remedies before he may institute a civil action. The defendant does not argue that this CT Page 52 court lacks subject matter jurisdiction because the federal act is the plaintiff's exclusive remedy. Rather, he argues that the exhaustion provisions of the act operate to deprive this court of jurisdiction in the same manner as they would operate to deprive a federal district court of jurisdiction where the claimant fails to first file an administrative claim.
Although the motion to strike does not "specify the reason or reasons for" the claimed insufficiency as required by Practice Book § 154, it appears that the plaintiff contends that the special defense is legally insufficient because the act does not apply to this state court proceeding. The plaintiff contends that for the act to apply, the defendant must follow the statutory procedure for substitution of the United States as a party defendant and for removal of the action to federal court.
A motion to strike is the proper method to contest the legal sufficiency of a special defense. Bouchard v. People's Bank,219 Conn. 465, 468 n. 3 (1991), quoting Practice Book § 152. In ruling on a motion to strike a special defense, the court is obligated to take the facts to be those alleged in the special defense and to construe the defense in the manner most favorable to sustaining its legal sufficiency. Connecticut National Bank v.Douglas, 221 Conn. 530, 536 (1992). The issue before the court is whether there would still be a viable cause of action, assuming that the plaintiff is able to prove the factual allegations of the complaint. Palumbo v. Probate Court, Superior Court, Judicial district of Waterbury, Docket No. 120614 (January 10, 1996, Flynn, J.).
Section 2679(b)(1)-(5) of the Federal Tort Claims Act, known as the Federal Drivers Act, provides an exclusive remedy against the United States "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope or his office or employment . . . ."28 U.S.C.A. § 2679(b)(1) (1994). The Federal Drivers Act provides that the Attorney General will defend any civil action brought in any court against any employee of the federal government. The employee is required, however, to deliver to his superior any process with which he is served. The superior is then required to furnish copies to United States attorney for the district wherein the proceeding is brought to the Attorney General and to the head of his employing federal agency. Upon certification by the Attorney General that the defendant employee CT Page 53 was acting within the scope of his office at the time of the incident, the United States is substituted as the party defendant. Any state court civil action is to be removed to the appropriate federal district court in accordance with the removal provisions of the act.
The act requires, as a condition precedent to a civil action against the United States, that the claimant first present a claim to the appropriate federal agency. A civil action may not be instituted in federal court until the agency makes a final disposition of the claim, or fails to act thereon within six months. This requirement is jurisdictional and cannot be waived.Driggers v. United States, 309 F. Sup. 1377, 1379 (D.S.C. 1970).
The motion to strike raises the issue of whether the act's administrative exhaustion requirement is a proper defense to a action brought in state court against a defendant who claims immunity under the act. There are no Connecticut cases addressing this issue. The federal court cases cited by the parties are of limited applicability inasmuch as the exhaustion requirement was raised in the context of motions to dismiss filed after the state court action was removed to federal court. The application of the exhaustion provisions of the act is properly at issue in such federal court actions.
In Kelley v. United States, 568 F.2d 259 (2d Cir. 1978), cited by the plaintiff, the court addressed whether the plaintiffs, who originally sued a federal employee in the state court, must, after removal to federal court, prove that they presented an administrative claim in compliance with § 2675 (a). The court held that the Federal Drivers Act does not incorporate the administrative filing requirement of § 2675 (a) where an action is instituted in state court and later removed to federal court.
In Houston v. U.S. Postal Service, 823 F.2d 896 (5th Cir. 1987), the principal case relied upon by the defendant, the court criticized Kelley to the extent it permits a plaintiff to avoid the act's administrative filing requirement by first instituting suit against a government driver in state court. The court recognized the "quandary" in which a plaintiff is found if the plaintiff has no reason to suspect that the defendant driver is a government employee. "An unsuspecting plaintiff will sue only the individual driver and have no reason to pursue the requisite administrative remedies. Then, after the two-year limitations CT Page 54 period has expired, the government may certify that the individual was acting in the scope of his employment, remove the case, and procure dismissal on the ground that the plaintiff must first seek administrative relief." Id., 901. Thus, Houston held that before the United States is forced to defend a tort suit arising from a collision between a private vehicle and a government vehicle, a plaintiff, who knows or should know that the driver was a government employee, must meet the act's administrative exhaustion requirement and then timely commence suit against the government under the act. Unlike this state court action, Kelley and Houston are federal actions in which the interpretation and application of the provisions of the act were properly before the federal court.
State court cases from other jurisdictions are helpful, but not dispositive. In Jones v. Littlejohn, 474 S.E.2d 714 (Ga.App. 1996), the appellant appealed the trial court's denial of his motion for summary judgment contending that both he and the plaintiff were on active duty in the military at the time of the automobile collision and the doctrine of intra-military immunity barred the complaint. The court addressed the jurisdictional implications of the Federal Tort Claims Act. The court noted that the record contained no evidence that the appellant complied with the provisions of § 2679 and that no Georgia case addressed the procedure for handling such a case. The court held, however, relying on Kelley, that absent compliance with the provisions of the act, the state court retained jurisdiction. See also Stewartv. State Crop Pest Commission, 414 S.E.2d 121 (S.C. 1992) (affirming denial of defendant's motion to dismiss for lack of subject matter jurisdiction on ground that where a defendant claims to be a federal employee so as to come under Federal Tort Claims Act, the federal employee must comply with § 2679 and obtain Attorney General certification in order to defeat state court subject matter jurisdiction); Willis v. Skaff,414 S.E.2d 450 (W.Va. 1992) (holding that the plaintiff's state court claim was preempted by Federal Tort Claims Act where it was undisputed that the plaintiff was on active duty for the National Guard and was struck by a National Guard vehicle operated by the defendant, who was also a guard member); Brennan v. Fatata, 359 N.Y.S.2d 91
(1974) (stating that it is implicit in § 2679(b) that if the defendants do not turn over their suit papers or if the Attorney General does not certify that they were acting within the scope of their employment, the state action continues against the defendants personally). CT Page 55
By invoking the provisions of the act in his special defense, the defendant seeks to have this court litigate the issue of whether he was acting within the scope of his employment at the time of the accident. Under the act, the power to resolve this issue resides with the Attorney General. See Tassin v. Neneman,766 F. Sup. 974, 976 (D. Kan. 1991). If the defendant wishes to invoke the immunity granted to federal employees under the act, the statute provides the procedural framework by which he may do so. "The exclusiveness of the remedy [under § 2679] precludes the pursuance of an action against an individual driver to final adjudication, where it is established that the driver was acting within the scope of his employ." (Emphasis added.) Meeker v.United States, 435 F.2d 1219, 1221 (8th Cir. 1970).
To the extent that the defendant's special defense attacks the court's subject matter jurisdiction, absent the defendant's compliance with the provisions of the Federal Driver's Act, this court retains jurisdiction. Accordingly, the plaintiff's motion to strike the defendant's first amended special defense is granted.
Hendel, J.