■ WILLIAM J. FIOCCA et al., Respondents-Appellants, v LEWIS KIRSCHNER, as Limited Administrator of the Estate of JULIE LABODIN, Deceased, Appellant-Respondent. [742 NYS2d 706] —Carpinello, J. Cross appeals from an order of the Supreme Court (Vogt, J.H.O.), entered October 11, 2001 in Ulster County, which granted defendant's motion to amend his answer and denied defendant's motion to dismiss the complaint.

On November 21, 1996, plaintiff William J. Fiocca (hereinafter plaintiff) and Julie Labodin were both employees of the United States Postal Service and worked at one of its facilities in Orange County. On that date, plaintiff, while walking to his car during a routine break in his shift, was hit by Labodin's vehicle in the employee parking lot. Labodin had just arrived at the facility and was looking for a parking space shortly before her scheduled work shift. There is no dispute that, because he was injured in the course of his employment, plaintiff has been collecting benefits under the Federal Employees' Compensation Act (see, 5 USC § 8101 et seq.).

In June 1998, plaintiff and his wife, derivatively, commenced this action against Labodin alleging that plaintiff's injuries resulted from the negligent manner in which she operated her vehicle.[1] Shortly before the start of the June 4, 2001 trial in this matter (i.e., by letter dated May 24, 2001 to Supreme Court), defendant sought for the first time to interject the exclusivity provisions of Workers' Compensation Law § 29 (6) into the case. A subsequent motion to amend the answer to include the exclusivity provisions of this statute was granted by Supreme Court after a hearing, but defendant's simultaneous motion to dismiss the complaint on this ground was denied based on the court's determination that Labodin was not acting in the scope of her employment when she hit plaintiff. The parties cross-appeal, plaintiff claiming that Supreme Court erred in permitting the amendment and defendant claiming that the court erred in not dismissing the entire complaint.

Since it is beyond cavil that plaintiff was not receiving workers' compensation benefits under this state's Workers' Compen-

---

1. Labodin has since passed away and defendant was substituted as a party in May 2001.

sation Law—he being a postal employee collecting *federal* benefits—Supreme Court erred in permitting the amendment as that law is inapplicable to the case at bar.[2] Rather, various federal statutes are implicated and controlling, namely, the Federal Employees' Compensation Act and the Federal Employees Liability Reform and Tort Compensation Act of 1988, also referred to as the Westfall Act (*see*, 28 USC § 2679 *et seq.*). The Westfall Act provides federal employees with absolute immunity for common-law torts committed in the scope of employment and substitutes the United States in their place (*see*, 28 USC § 2679 [d] [1]).

Unfortunately, defendant has yet to avail himself of the benefits of this statutory scheme by following the applicable statutory procedures (*see*, 28 USC § 2679 [c], [d] [1], [2]; *Gutierrez de Martinez v Lamagno*, 515 US 417, 431 ["If the action was initiated by the tort plaintiff in state court, the Attorney General, on the defendant-employee's petition, is to enter the case and may remove it to the federal court so that the scope (of employment) determination can be made in the federal forum"]; *see also*, *Combs v United States*, 768 F Supp 584; *Tassin v Neneman*, 766 F Supp 974; *Osik v Gardner*, 1997 WL 15398, 1997 Conn Super LEXIS 46 [Jan. 9, 1997, Hendel, J.]; *compare*, *Nasuti v Scannell*, 906 F2d 802; *Jones v Autry*, 105 F Supp 2d 553; *Garcia v Pizzolato*, 2000 WL 328818, 2000 US Dist LEXIS 3953 [SD NY, Mar. 28, 2000, Casey, J.]; *Pitt v Matola*, 890 F Supp 89; *Padlo v Spoor*, 90 Misc 2d 1002; *Stewart v State Crop Pest Commn.*, 307 SC 133, 414 SE2d 121; *Polishuk v Beavin*, 223 Tenn 287, 444 SW2d 140). Since defendant has not yet taken the appropriate steps to notify the United States Attorney General of the instant action, the United States Attorney General has not yet had the opportunity to rule on whether Labodin was acting within the scope of her employment when she hit plaintiff and, if she was, to remove the action to the United States District Court (*see*, 28 USC § 2679 [c], [d]).[3] Under these particular circumstances, this action against defendant remains extant (*see*, *Brennan v Fatata*, 78 Misc 2d

---

2. Workers' Compensation Law § 29 (6) provides that "[t]he right to compensation or benefits *under this chapter*, shall be the exclusive remedy to an employee * * * when such employee is injured * * * by the negligence or wrong of another in the same employ" (emphasis supplied) (*compare*, *Maltsberger v Board of County Commrs. of Pawnee County*, 987 P2d 437 [Okla] [applying a more broadly-worded Oklahoma workers' compensation statute]).

3. The question of whether Labodin was acting within the scope of her employment is hotly debated by the parties. Under the federal statutory scheme, however, resolution of this question *must* be made in the first instance by the United States Attorney General—or his designee (*see*, 28

966, 967; *see also, Salazar v Ballesteros*, 17 Fed Appx 129 [4th Cir, Aug. 24, 2001]; *Jones v Littlejohn*, 222 Ga App 494, 474 SE2d 714; *Osik v Gardner, supra*). Finding, as we do, that the amendment should not have been permitted, the remaining issues are academic.

Cardona, P.J., Mercure, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion to amend his answer; motion denied; and, as so modified, affirmed.

CFR 15.3)—and such determination is then subject to *federal* judicial review (*see, Gutierrez de Martinez v Lamagno, supra* at 422-427). As noted by the United States Supreme Court, "[t]he certification, removal, and substitution provisions of the Westfall Act * * * work together to assure that, when scope of employment is in controversy, that matter, key to the application of the [Federal Tort Claims Act], may be resolved in federal court" (*id.* at 430-431).