**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 27, 2013**

# In the Court of Appeals of Georgia

A13A0197. DUDNEY v. THE STATE OF GEORGIA DEPARTMENT OF DEFENSE et al.

BOGGS, Judge.

Larry Dudney, a former brigadier general and joint staff director for the Georgia Army National Guard, appeals from the trial court's dismissal of his complaint against the State of Georgia Department of Defense, Jim Butterworth in his official capacity as the adjutant general of the State of Georgia, and William Nesbitt in his official capacity as the former adjutant general of the State of Georgia. Dudney contends the trial court erred in concluding: (1) that his complaint for damages under OCGA § 45-1-4 (e) (1) (hereinafter "the whistleblower statute") is barred by the intra-military affairs doctrine; and (2) that he is not a "public employee" protected by the whistleblower statute. For the reasons explained below, we affirm.

On appeal, we review the trial court's grant of a motion to dismiss de novo. *South Point Retail Partners v. North American Properties*, 304 Ga. App. 419, 420 (696 SE2d 136) (2010).

> A motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Citation and punctuation omitted.) *Stendahl v. Cobb County*, 284 Ga. 525, 525-526 (1) (668 SE2d 723) (2008).

So viewed, the record shows that Dudney filed a verified complaint against the defendants asserting a single cause of action under the whistleblower statute. Dudney contends that he was terminated by his immediate supervisor, Adjutant General William Nesbitt, after he made an August 15, 2011 report to the Department of the Army Inspector General about "highly disturbing ethical issues and misconduct" by Nesbitt. Dudney also alleges that Nesbitt had a meeting with Governor Deal's chief

2

of staff on August 30, 2011, that Nesbitt met with him the following day and informed him that there was an allegation of misconduct on Dudney's part that had previously been reported by Major General Britt, that on September 4, 2011, the Governor's office announced the simultaneous and previously unscheduled retirements of Nesbitt and Britt, that Dudney was terminated by Nesbitt on September 8, 2011 for alleged "Force Management" reasons, that in his position as a joint staff director he would have been aware of any reduction of officer positions, and that he was aware of no scheduled reductions at the time of his termination. Dudney asserts that he was terminated in retaliation for his report to the Department of the Army Inspector General on August 31, 2011.

Less than two months after Dudney filed his complaint, the defendants moved to dismiss based upon the intra-military doctrine and their contention that Dudney did not fall within the definition of a "public employee" protected by the whistleblower statute. Following a hearing, the trial court entered an order granting the motion on both grounds.

1. In *Feres v. United States*, 340 U. S. 135 (71 SCt 153, 95 LEd2d 152) (1950), the United States Supreme Court concluded that the federal government cannot be held liable under the Federal Tort Claims Act to members of the armed forces for

injuries that "arise out of or are in the course of activity incident to service." 340 U. S. at 146. "Since *Feres*, the courts have expanded the doctrine so that it now generally protects the government from suit for injuries arising from 'activities incident to military service.'" (Citation, punctuation and footnotes omitted.) *Overton v. New York State Div. of Military and Naval Affairs*, 373 F3d 83, 89 (II) (A) (2nd Cir. 2004). One of three rationales for the Supreme Court's decision in *Feres* was that "suits by a service member against the government would involve the judiciary in sensitive military affairs at the expense of military discipline and effectiveness." (Citations and punctuation omitted.) *Jones v. Littlejohn*, 222 Ga. App. 494, 496 (2) (474 SE2d 714) (1996).

> The doctrine of intra-military immunity is an outgrowth of the third *Feres* rationale that decries the propriety of civilian courts delving into military matters and calling to bar military decisions and institutions. Thus, our evolving jurisprudence has created a zone of protection for military actors, immunizing actions and decisions which involved military authority from scrutiny by civilian courts.

(Citations and punctuation omitted.) Id. Finally, "[t]he doctrine applies not only to legal actions brought by members of the regular military, but also to those brought by members of the National Guard." *Overton*, supra, 373 F3rd at 89 n. 7. See also

4

*Georgia Dept. of Defense v. Johnson*, 262 Ga. App. 475, 479 (1) (585 SE2d 907) (2003) (Georgia National Guard is military in character).

The Second Circuit Court of Appeals has recognized that the "incident to miliary service" test may preclude a claim "even though its pursuit, under the particular circumstances of the case, might not weaken military discipline or interfere with discretion as to military matters." (Citation and punctuation omitted.) *Overton*, supra, 373 F3d at 91 (II) (A). As explained by the Supreme Court in *United States v. Stanley*, 483 U. S. 669, 682-683 (II) (107 SCt 3054, 97 LE2d 550) (1987),

> [a] test for liability that depends on the extent to which particular suits would call into question military discipline and decision-making would itself require judicial inquiry into, and hence intrusion upon, military matters. Whether a case implicates those concerns would often be problematic, raising the prospect of compelled depositions and trial testimony by military officers concerning the details of their military commands. Even putting aside the risk of erroneous judicial conclusions (which would becloud military decisionmaking), the mere process of arriving at correct conclusions would disrupt the military regime. The "incident to service" test, by contrast, provides a line that is relatively clear and that can be discerned with less extensive inquiry into military matters.

Id.

In this case, there can be no doubt that the injuries alleged in Dudney's complaint arise out of activities "incident to military service" – he claims to have been injured by the termination of his military service. See *Luckett v. Bure*, 290 F3d 493, 499 (2nd Cir. 2002); *Speigner v. Alexander*, 248 F3d 1292, 1298 (11th Cir. 2001); *Smith v. Smith*, 1997 U. S. Dist. LEXIS 23924 at \*28-29 (M. D. Ala. 1997). We are therefore constrained to affirm the trial court's order dismissing Dudney's complaint based upon the broad sweep of the intra-miltary doctrine.[1]

2. Dudney's remaining enumeration of error is rendered moot by our holding in Division 1.

*Judgment affirmed. Doyle, P. J. and McFadden, J., concur.*

---

[1] We find no merit in Dudney's claim that this Court should apply the four-part test established in *Mindes v. Seaman*, 453 F2d 197, 201-202 (5th Cir. 1971), to determine whether his claim should be barred by the doctrine of intra-military immunity. As the Eleventh Circuit Court of Appeals noted in *Speigner*, supra, courts no longer apply the *Mindes* test as a result of the United States Supreme Court's subsequent decision in *Stanley*, supra, 483 U. S. at 683, applying the broader "incident to military service" test. *Speigner*, 248 F3d at 1295 n. 5.