United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2004

Charles R. Fulbruge III
Clerk

Revised December 20, 2004

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 04-60163

---

SHIRLEY McLAURIN, Individually and on
Behalf of the Heirs of MILTON STUBBS,
Deceased

                                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
--------------------

Before REAVLEY, WIENER, and BENAVIDES, Circuit Judges.

WIENER, Circuit Judge:

Plaintiff-Appellant Shirley McLaurin ("McLaurin"), individually and on behalf of the heirs of Milton Stubbs, appeals the district court's denial of her motion to remand and the dismissal of her suit for failure to exhaust administrative remedies. The district court ruled that defendant-appellee United States of America (the "government") timely removed the suit and

that McLaurin failed to exhaust her administrative remedies under the Federal Tort Claims Act ("FTCA").[1]  We affirm.

## I. FACTS AND PROCEEDINGS

In January 1996, Milton Stubbs ("Stubbs") was taken to the emergency room at Forrest General Hospital ("FGH") in Hattiesburg, Mississippi, complaining of chest pain.  As Stubbs was a patient of the Family Health Center ("Health Center")[2] in Sumrall, Mississippi, FGH called Dr. Saad Khan ("Khan"), who worked for the FHC, to treat Stubbs.

When Dr. Khan discovered that Stubbs had a condition that could inhibit blood clotting, he admitted Stubbs to FGH.  During the night, Stubbs fell in the bathroom of his room.  The next day, Khan noticed a bump on Stubbs's head but allegedly ordered no specific tests to assess the extent of the injury.  Neither did Khan return to examine Stubbs before FGH discharged him that afternoon.  The discharge papers, completed by FGH nurses, noted the bump on Stubbs's head, as well as a small puncture wound.

Two days later, Stubbs returned to FGH.  Dr. Khan ordered a CAT scan because Stubbs appeared disoriented.  The CAT scan revealed a subdural hematoma.  Doctors performed surgery on Stubbs

---

[1] 28 U.S.C. § 2671, et seq.

[2] It is unclear from the record whether this entity is the Family Health Center or the Southeast Mississippi Rural Health Initiative, Inc.  For purposes of this opinion, we refer to it as the "Health Center."

to stop the hematoma. Further bleeding occurred, however, and Stubbs died.

In November, McLaurin filed a wrongful death suit in state court against FGH, Khan, and three FGH nurses, on behalf of herself and Stubbs's heirs under Mississippi Code Annotated § 11-7-13. Dr. Khan retained counsel, and pretrial discovery began, during which Dr. Khan provided proof of private medical malpractice insurance coverage through St. Paul Insurance Company.

The case was set for trial against Dr. Khan on July 29, 2002.[3] On the eve of trial, the judge recognized Dr. Khan and recalled that he had once been a patient of Dr. Kahn. The judge offered to recuse himself if either party objected. McLaurin's counsel objected, and the judge recused himself.

The parties then attempted to set a trial date with the new judge to whom the case had been assigned. In August 2002, six years after McLaurin had filed suit, Dr. Khan notified the United States Department of Health and Human Services ("DHHS") of McLaurin's suit against him and requested that he (Dr. Khan) be certified as an employee of the United States on the grounds that the Health Center receives federal funds.[4] The DHHS reviewed the

---

[3] FGH settled with McLaurin before trial, and the state court dismissed the FGH nurses before trial under the Mississippi Tort Claims Act.

[4] The DHHS had deemed the Health Center as an entity eligible for medical malpractice coverage under the FTCA. See 42 U.S.C. § 233(h).

3

referral and determined that Dr. Khan was entitled to certification as a government employee. In October 2002, the DHHS referred the matter to the United States Attorney for the Southern District of Mississippi.

In February 2003, the government certified that Dr. Khan was acting within the scope of his office or employment at the time of the Stubbs incident and removed the case to the district court under 29 U.S.C. § 2679(d)(2). The government then filed a Notice of Substitution and Motion to Amend Caption of Case under Section 2679(d)(2), seeking to substitute the government as the proper party defendant with respect to the claims against Dr. Khan. The district court granted the motion, substituted the government as the proper party defendant, and dismissed Dr. Khan with prejudice.

In March 2003, McLaurin filed a Motion to Remand, in which she asserted that Dr. Khan had waived his right to removal under Section 2679(d)(2) by failing to furnish the government prompt notice of the suit. In April, the government filed a Motion to Dismiss for failure to exhaust administrative remedies. After two hearings on the motions, the district court denied McLaurin's motion to remand and granted the government's motion to dismiss without prejudice for lack of subject matter jurisdiction, based on McLaurin's failure to exhaust her administrative remedies under the FTCA. McLaurin timely filed her notice of appeal.

## II. ANALYSIS

4

**A.    Standard of Review**

We review <u>de novo</u> a district court's denial of a motion to remand.[5]

**B.    The FTCA**

Section 2679 of the FTCA provides that a suit against the United States is the exclusive remedy for damages for injury or loss of property "resulting from the negligent or wrongful conduct of any employee of the Government while acting within the scope of his office or employment."[6] The Federally Supported Health Centers Assistance Act of 1995 ("FSHCAA") extends FTCA coverage to employees of the Public Health Service ("PHS"). Under the FSHCAA, the PHS may deem employees of qualified and eligible community health care centers as government employees entitled to immunity under the FTCA.[7] Once the PHS deems an employee of a qualified community health care center to be a PHS employee, the employee enjoys absolute immunity from common law tort claims, and an injured party's exclusive remedy is against the government under the FTCA.[8] In short, the FSHCAA makes the FTCA the exclusive remedy for actions against employees of the PHS "resulting from the

---

[5] <u>Garcia v. Koch Oil Co. of Texas, Inc.</u>, 351 F.3d 636, 638 (5th Cir. 2003). McLaurin does not dispute that she failed to exhaust her administrative remedies under the FTCA.

[6] 28 U.S.C. § 2679(b)(1).

[7] 42 U.S.C. § 233(g)(1)(A) & (G).

[8] <u>See id.</u> § 233(g)(1)(A).

performance of medical . . . or related functions"[9] and "protects commissioned officers or employees of the [PHS] from being subject to suit while performing medical and similar functions by requiring that such lawsuits be brought against the United States instead."[10]

Once the PHS deems the employee a federal employee, the government must determine whether the "employee was acting within the scope of his office or employment at the time out of which the incident arose," and must so certify if the employee is found to have been thus acting.[11] If scope certification is made, the FTCA allows the government to remove the suit against the employee to federal court and substitute the government as the proper party defendant.[12] The dispute here concerns whether the government timely removed this action to federal court under Section 2679. McLaurin does not challenge the government's determination that the Health Center is a qualified community health care center or that Dr. Khan — as an employee of the Health Center — is a federal employee for purposes of Section 2679. Neither does McLaurin dispute that Dr. Khan was acting within the course and scope of his employment at the time of the incidents alleged in her complaint. Her sole complaint is timeliness.

---

[9] See id. § 233(a).

[10] Cuoco v. Moritsugu, 222 F.3d 99, 108 (2d Cir. 2000).

[11] 28 U.S.C. § 2679(d)(1)-(3).

[12] Id. § 2679(d)(1)-(2).

6

McLaurin argues that the government waived its right to removal because Dr. Khan failed to notify it promptly of McLaurin's suit against him.  McLaurin cites to Section 2679(c) as support for this proposition:

> The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury.  The employee against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service <u>as determined by the Attorney General</u>, all process served upon him . . . to his immediate superior . . . <u>and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney</u> for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal agency.[13]

McLaurin argues that because Section 2679(c) requires that a federal employee "promptly furnish copies of the pleadings and process" to the government, and because Dr. Khan failed to do so, he — and thus the government — waived the right to remove this suit to federal court.  In effect, McLaurin argues that Section 2679(c) is a condition precedent to removal under Section 2679(d)(2).

The government counters with the argument that Section 2679(d)(2) merely requires removal "before trial."  The government relies on the language of Section 2679(d)(2):

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding

---

[13] 28 U.S.C. § 2679(c) (emphasis added).

7

commenced upon such claim in a State court <u>shall be removed</u> without bond <u>at any time before trial</u> by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provision of this title and all references thereto, and the United States shall be substituted as the party defendant. <u>This certification of the Attorney General shall conclusively establish scope or office of employment for purposes of removal.</u>[14]

Similarly, the government notes that the FSHCAA provides that "any such civil action or proceeding commenced in a State court shall be removed without bond <u>at any time before trial</u> . . . ."[15] The government contends that because it removed this matter before trial, it fulfilled the only statutory prerequisite to removal.

The unambiguous language of Section 2679(d)(2) requires only that the government remove "before trial" a suit in which the PHS has deemed a qualified health care center employee as a federal employee.[16] Congress has placed no other time limitation or requirement on removal in a suit under Section 2679.[17] "[T]he

---

[14] <u>See id.</u> § 2679(d)(2) (emphasis added).

[15] 42 U.S.C. § 233(c)(emphasis added).

[16] 28 U.S.C. § 2679(d)(2).

[17] <u>See, e.g., Sullivan v. United States</u>, 21 F.3d 198, 205-06 (7th Cir. 1994) (noting that "at any time before trial" is only temporal limitation on certification procedure and that "we believe it would be unfair in these circumstances to impose a deadline for section 2679(c) notice that the Act itself does not impose."); <u>Guerrero v. Alivio Med. Ctr., Inc.</u>, No. 03 C 2492, 2003 WL 21688240, at * 1 (N.D. Ill.) (noting that requirement under 28 U.S.C. § 1446(b) that defendant file removal notice within thirty days of receipt of initial pleading does not apply to suits removed

starting point in every case involving construction of a statute is the language itself."[18]  Indeed, "Congress is not to be presumed to have used words for no purpose."[19]  Congress explicitly allows removal under Section 2679(d)(2) to occur "at any time before trial."[20]

McLaurin asserts that to interpret the statute to allow removal at any time before trial is to read the word "promptly" out of Section 2679(c).  This is not so.  It is true that Dr. Khan failed to deliver the suit papers to his supervisor immediately.  It is also true, however, that — in the statute — "promptly" modifies the actions that the supervisor must take when he delivers

---

under Section 2679(d)(2) because suit may be removed "at any time before trial"); Perry v. United States, 936 F. Supp. 867, 878 (S.D. Ala. 1996) ("The FTCA . . . states that the United States may remove a case at any time before trial; there are no other requirements for or limitations on the removal of a case under § 2679(d)(2); Wilson v. Jones, 902 F. Supp. 673, 677-78 (E.D. Va. 1995) (finding that removal was timely because "the state proceeding ha[d] not gone to trial"); Kizer v. Sherwood, 311 F. Supp. 809, 811 (M.D. Pa. 1970) (finding that removal under Section 2679 was timely even after entry of default judgment in state court because parties could still proceed to trial on damages and such trial had not yet begun).

[18] United States v. Mathena, 23 F.3d 87, 91 (5th Cir. 1994) (quoting Greyhound Corp. v. Mt. Hood Stages, Inc., 437 U.S. 322, 330 (1978)).

[19] Platt v. Union Pac. R.R. Co., 99 U.S. 48, 58 (1878).

[20] Although McLaurin and Dr. Khan were on the eve of trial when the original state judge recused himself, the government removed this suit and moved to dismiss McLaurin's complaint for failure to exhaust before the parties proceeded to trial in state district court.

the suit papers to the government.[21]  It is the <u>supervisor</u>, not the <u>employee</u>, who must "promptly" deliver the suit papers to the government.  As the government correctly notes, the statute mandates only that "the employee . . . deliver within such time after date of service or knowledge of service as <u>determined by the Attorney General</u>, all process served upon him" to his supervisor or the person designated to receive such paperwork.[22]  This language authorizes the government to determine the time within which the employee must deliver the suit papers to his supervisor.

McLaurin correctly notes that 28 C.F.R. § 15.1 requires the employee to deliver the suit papers promptly to his supervisor. Section 15.1 provides:

> Any Federal employee against whom a civil action or proceeding is brought for damages . . . on account of the employee's performance of medical care, treatment, or investigation in the scope of his office or employment . . . shall <u>promptly</u> deliver all process and pleadings served upon the employee . . . to the employee's immediate superior . . . In addition, upon the employee's receipt of such process or pleadings, or any prior information regarding the commencement of such a civil action or proceedings, he shall <u>immediately</u> so advise his superior or the designee thereof by telephone or telegraph.[23]

We conclude, though, that the statutory and regulatory provisions on timeliness —— the use of the term "promptly" in both Sections 2679(c) and 15.1 —— do not inure to the benefit of tort plaintiffs

---

[21] <u>See</u> 28 U.S.C. § 2679(c).

[22] <u>Id.</u>

[23] 28 C.F.R. § 15.1(a).

10

but to the benefit of the government, which, under both provisions, waives its sovereign immunity and runs the risk of incurring a judgment once it certifies the employee as a federal employee. As the FTCA is a waiver of the government's sovereign immunity, we must strictly construe the statute; any ambiguities will be resolved in favor of the sovereign.[24] There is nothing in the statute or the regulation to indicate that the "prompt" delivery requirement is a condition precedent to removal or that, absent a "prompt" delivery, the government waives its right to removal. Further, our conclusion that the statutory requirements inure to the government's benefit is buttressed by the language in Section 2679(c), which allows the Attorney General to determine the time within which the employee must deliver the suit papers to the government.[25] Accordingly, we construe the statute as urged by the government and rule that the "prompt" delivery requirement inures to its benefit, and not that of the plaintiff.[26] The district

_____

[24] See Lane v. Pena, 518 U.S. 187, 192 (1996); Leleux v. United States, 178 F.3d 750, 754 (5th Cir. 1999); Linkous v. United States, 142 F.3d 271, 275 (5th Cir. 1998).

[25] 28 U.S.C. § 1679(c) ("The employee against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him . . . .").

[26] McLaurin also appears to argue that Dr. Khan waived entitlement to FTCA coverage by not "promptly" delivering the suit papers to either his employer or the government. Several courts have discussed whether a federal-employee defendant waives entitlement to coverage under the FTCA by failing to satisfy conditions precedent to coverage under Section 2679. Federal and state courts that have addressed this issue routinely hold that a

11

court did not err when it concluded that the government timely removed this suit under Section 2679(d)(2).[27]

## C. Private Medical Malpractice Insurance

McLaurin also argues that Dr. Khan waived entitlement to coverage under the FTCA because he is covered by private medical malpractice insurance. McLaurin notes that the basic purpose of

defendant waives entitlement to coverage under the FTCA only if he completely fails to comply with the provisions of Section 2679(c). See, e.g., Combs v. United States, 768 F. Supp. 584, 592 (E.D. Ky. 1991) (noting that because defendant and his insurer failed to assert Section 2679 defenses or deliver suit papers to Government, plaintiffs could recover against defendant personally as well as against United States under theory of respondeat superior); Tassin v. Neneman, 766 F. Supp. 974, 976-77 (D. Kan. 1991) (noting that because defendant failed to deliver process and pleadings to attorney general and to obtain attorney general certification, "the defendant has failed to satisfy the statutory prerequisites, in effect waiving the immunity granted by the Act, and therefore the immunity defense is invalid."); Jones v. Littlejohn, 474 S.E.2d 714, 715-16 (Ga. Ct. App. 1996) (noting that because the defendant failed to deliver suit papers to supervisor and failed to obtain Government certification, exclusivity provision not triggered, and state court retained jurisdiction over suit); Brennan v. Fatata, 78 Misc.2d 966, 967, 359 N.Y.S.2d 91, 92 (N.Y.Sup. Ct. 1974)("If the defendants are to obtain the benefits of the Federal preemption of section [2679], they must follow its provisions by turning suit papers over to the United States Attorney General . . . who will then certify the scope of Federal employment and the action will be removed to Federal court . . . It is implicit in the statute that if the defendants do not turn over their suit papers. . . the State action continues against the defendants personally."). These cases are inapposite. In them, the defendants failed completely to follow the procedural framework under Section 2679 to obtain coverage/immunity under the FTCA. Here, Dr. Khan delivered the suit papers to the government — albeit eventually — and the government certified Dr. Khan as acting within the scope of employment.

[27] Indeed, we have previously held that remand is not even permitted once the government certifies the scope of employment and removes the suit under Section 2679(d)(2). See Garcia v. United States, 88 F.3d 318, 322 (5th Cir. 1996).

12

the FSHCAA is to extend the coverage protections of the FTCA to public health care providers by operating as their de facto medical insurer.[28]  McLaurin argues that Dr. Khan's coverage by private medical malpractice insurance amounts to a waiver of FTCA coverage because it undermines the statutory purpose of the FSHCAA. McLaurin cites to no authority to support this imaginative argument.

That the purchase of private medical malpractice insurance is a waiver of FTCA coverage is belied by the explicit language of the FSHCAA itself.  Section 233(g)(2) provides that

> [i]f, with respect to an entity or person deemed to be an employee for purposes of paragraph (1), a cause of action is instituted against the United States pursuant to this section, any claim of the entity or person for benefits under an insurance policy with respect to medical malpractice relating to such cause of action shall be subrogated to the United States.[29]

The FSHCAA thus envisions that a physician might be covered by private medical malpractice insurance even though the PHS might, at some point, deem him to be a federal employee for purposes of the FTCA. Indeed, under the explicit language of Section 233(g)(2), the benefits of private medical malpractice insurance inures to the

---

[28]  See H.R. REP. No. 104-398, at 4-8 (1995), reprinted in 1995 U.S.C.C.A.N. 767, 769-71 (providing legislative intent of FSHCAA); see also H.R. Rep. No. 102-823(II), at 6 (1992) (providing that FTCA coverage extended to allow federally funded health care centers to "redirect funds now spent on malpractice insurance premiums toward improving or expanding their services to their target populations.").

[29] 42 U.S.C. § 233(g)(2).

13

government's benefit because the government is subrogated to any rights that Dr. Khan may have to recover from St. Paul Insurance Company. To find that a medical practitioner such as Dr. Khan cannot obtain private medical malpractice insurance —— or, in so doing, waives entitlement to coverage under the FTCA —— would detrimentally affect those practitioners who work at federally-funded institutions. If a medical practitioner such as Dr. Khan cannot obtain private medical malpractice insurance, he practices medicine at his own risk, because the PHS will not deem a physician a federal employee until after suit is filed against him.[30] We reject this argument.

## D. Equitable Considerations

Finally, McLaurin inists that the "extremely untimely removal of this case is not consistent with the traditional equitable considerations that inform judicial construction of the FTCA." She notes that circuit and district courts have applied equitable doctrines to the FTCA.[31] McLaurin thus argues that equitable

_____

[30] See El Rio Santa Cruz Neighborhood Health Ctr. v. Dep't of Health & Human Servs., 300 F. Supp. 2d 32, 37 n. 4 (D.D.C. 2004) ("Though not directly at issue in this lawsuit, this policy [of deeming a physician a federal employee within 30 days of receipt of the application] contributed, if not created, the problem plaintiffs now face, and completely undermines the purpose of the Act, since the contractors/physicians cannot know if they are covered until after they are sued, and thus, they proceed at their own risk if they forego obtaining their own malpractice insurance." (emphasis added)).

[31] See, e.g., Mottley v. United States, 295 F.3d 820, 823-24 (8th Cir. 2002) ("We apply the doctrine of equitable tolling to FTCA claims against the government."); Perez v. United States, 167

14

considerations require remand here because of the government's unpardonable dilatoriness.

We do not agree that equitable considerations require remand in this instance. The FTCA imposes a two-year statute of limitations on suits against the government.[32] Nevertheless, Congress has provided that a plaintiff whose case is dismissed without prejudice for failure to exhaust administrative remedies may file an administrative claim within 60 days following dismissal.[33] This provision "insures [sic] that a plaintiff . . ., though no doubt inconvenienced, will not be prejudiced by her failure to first file an administrative claim with the appropriate federal agency within the two-year time period."[34]

---

F.3d 913, 917 (5th Cir. 1999) (noting that equitable tolling applies in FTCA cases).

[32] 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues . . . .").

[33] See 28 U.S.C. § 2679(d)(5)(A)-(B) ("Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if . . . the claim would have been timely had it been filed on the date the underlying civil action was commenced, and the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.").

[34] Warner v. Joyner, 996 F. Supp. 581, 584 (S.D. Miss. 1997); see also Jackson v. United States, 789 F. Supp. 1109 (D. Colo. 1992) (refusing to waive filing of administrative claim because procedures established by FTCA constitute waiver of sovereign immunity and must therefore be strictly construed).

15

Stubbs died in January 1996. McLaurin sued Dr. Khan in November, well within the two-year statute of limitations. Her administrative claim would therefore have been timely had she filed it in November 1996. The district court dismissed McLaurin's suit without prejudice. If McLaurin files an administrative claim within 60 days of dismissal, it will be timely. Although we are not indifferent to McLaurin's frustration, we are satisfied that Congress has provided plaintiffs such as McLaurin an adequate remedy. Equitable considerations do not warrant remand here.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is, in all respects,

AFFIRMED.

I:\AIMS\FORMS\04\04-60163\5033373\04-60163-CV0.wpd
12/21/04  11:10 am