# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 17, 2011

No. 11-30260
Summary Calendar

Lyle W. Cayce
Clerk

OMAR A. AL-DAHIR; ALAA K. KHALIL; HOLLY DOHM AL-DAHIR,

Plaintiffs – Appellants

v.

FEDERAL BUREAU OF INVESTIGATION; FEDERAL BUREAU OF
INVESTIGATION, New Orleans Division; ROBERT MUELLER, III, in his
capacity as Director of the Federal Bureau of Investigation; LOUIS M.
RIEGEL, Individually and in his capacity as the Special Agent in Charge,
Federal Bureau of Investigation New Orleans Division; WILL HATCHER,
FBI Supervisory Special Agent; MALCOLM BEZET, FBI Special Agent;
MARK GIBBONS, FBI Special Agent; UNIDENTIFIED PARTIES;
MICHAEL MAGNER, United States Assistant District Attorney; UNITED
STATES OF AMERICA,

Defendants – Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-04502-KDE-ALC

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-30260

This appeal turns on whether Plaintiffs' claims against the United States relate back to the date of the original complaint under Rule 15(c) of the Federal Rules of Civil Procedure. Plaintiff–Appellant Omar A. Al-Dahir filed an original complaint asserting twenty claims against twelve defendants. Defendant–Appellee the United States, however, was not initially named as a defendant. Through a series of amended complaints, additional plaintiffs, defendants, and claims were added, including claims against the United States under the Federal Tort Claims Act. The amendment adding claims under the Federal Tort Claims Act, however, was filed outside of the limitations period. Plaintiffs argued that, under Rule 15(c), the amendment adding claims against the United States should be considered to relate back to the date of the original complaint, in which case the claims against the United States would be treated as timely. The district court ruled that Plaintiffs had not shown that their claims against the United States related back to the date of the original complaint and dismissed the claims against the United States. We affirm the judgment of the district court.

## I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff–Appellant Omar A. Al-Dahir ("Al-Dahir") filed a pro se complaint in the United States District Court for Eastern District of Louisiana on January 22, 2008, asserting twenty claims and naming twelve defendants, consisting of Northrop Grumman entities and personnel, the Federal Bureau of Investigation ("FBI"), the FBI's New Orleans Division, the Director of the FBI, the FBI's Assistant Director in Charge of Counterterrorism, and the Special Agent in Charge of the FBI's New Orleans Division. The district court severed the claims against the FBI defendants and transferred them to a separate action, and this action forms the basis of the present appeal.

Al-Dahir's original complaint alleged various wrongs that occurred between February 2003 and September 2006. The complaint set out a detailed

No. 11-30260

account of alleged misconduct by FBI agents, including threats, harassment, the submission of false information to obtain a search warrant, and mistreatment of Al-Dahir while the search warrant was executed. Al-Dahir's twenty claims included, *inter alia*, numerous constitutional violations, violations of federal civil rights statutes, violations of the Privacy Act, 5 U.S.C. § 552a, and a violation of the Freedom of Information Act, 5 U.S.C. § 552. The original complaint, however, did not include any claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, or allege any state-law tort claims. Al-Dahir sought both money damages and equitable relief.

In the first amended complaint, filed October 7, 2008, Plaintiffs–Appellants Alaa K. Khalil and Holly Dohm Al-Dahir (collectively with Al-Dahir, "Plaintiffs") joined the action, and several FBI agents were added as defendants. Plaintiffs hired legal counsel and filed a second amended complaint on February 20, 2009, adding an equal protection claim and the Louisiana state-law claims of conversion, defamation, and "intentional and/or negligent infliction of mental and/or emotional distress."

In their third amended complaint, filed October 30, 2009, Plaintiffs asserted FTCA claims of conversion, assault, battery, false imprisonment, and abuse of process against Defendant–Appellee the United States. Prior to the third amended complaint, the United States had not been named as a party. Plaintiffs' claims were based on allegations that FBI agents intentionally and knowingly submitted false information to obtain a search warrant, raided Plaintiffs' house, and forced Al-Dahir to stand in the sun against his will while he was fasting. On September 30, 2010, the district court dismissed Plaintiffs' claims of conversion, assault, and battery against the United States. The United States moved for dismissal of the remaining claims of false imprisonment and abuse of process, arguing that those claims were barred by the FTCA's statute of limitations. Plaintiffs argued that, under Federal Rule of Civil Procedure

3

No. 11-30260

15(c)(1)(C), its two remaining claims against the United States related back to the date of the original pleading and should be considered timely. The district court dismissed Plaintiff's remaining claims against the United States as untimely, and Plaintiffs now appeal this judgment.

## II. DISCUSSION

We review the district court's dismissal of Plaintiffs' claims de novo. *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010).

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The FTCA provides an example of the United States' consent to be sued, stating that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674; *see also Martin v. Halliburton*, 618 F.3d 476, 486 (5th Cir. 2010) ("The FTCA abrogates the Government's sovereign immunity for torts committed by its employees in circumstances where, if the Government were a private person, the Government would be liable under state law."). However, "[a] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *See Lane v. Pena*, 518 U.S. 187, 192 (1996).

Before Al-Dahir filed his original complaint, Plaintiffs presented administrative claims to the FBI pursuant to the FTCA. *See* 28 U.S.C. § 2675 ("An action shall not be instituted upon a claim against the United States for money damages for injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ."). These claims related to the procurement and execution of the search warrant and other events related to this action. In letters dated September 22, 2008, the FBI denied these claims and informed Plaintiffs that "suit may be filed against the United States in an appropriate

No. 11-30260

United States District Court not later than six (6) months after the date of this letter." *See* 28 U.S.C. § 2401(b) (barring a tort claim against the United States "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented"). Thus, Plaintiffs had until March 22, 2009, to file suit against the United States, or their tort claims related to the procurement and execution of the search warrant were barred. However, Plaintiffs first named the United States as a party in their third amended complaint, which was filed on October 30, 2009—several months after the deadline to file suit under the FTCA.

Although Plaintiffs did not timely file their complaint naming the United States as a defendant, Plaintiffs argue that their amended complaints relate back to the date of the original pleading under Federal Rule of Civil Procedure 15(c). Rule 15(c) provides:

> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.
> (2) *Notice to the United States.* When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if,

5

during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.

Fed. R. Civ. P. 15(c).   Thus, the inquiry regarding whether an amended complaint relates back to the date of the original complaint turns on "what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint." *See Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485, 2496 (2010); *see also* Fed. R. Civ. P. 15(c)(1)(C).   Moreover, a defendant must have received notice of a plaintiff's mistake "within the period provided by Rule 4(m) for serving the summons and complaint," which ended on June 30, 2008, in this case.   Fed. R. Civ. P. 15(c)(1)(C).   Plaintiffs have the burden to demonstrate that an amended complaint relates back under Rule 15(c).   *See Dodson v. Hillcrest Sec. Corp.*, Nos. 92-2353, 92-2381, 1996 WL 459770, at \*10 (5th Cir. July 24, 1996).   Thus, to satisfy Rule 15(c), Plaintiffs must show, *inter alia*, that by June 30, 2008, the United States "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."   Fed. R. Civ. P. 15(c).

Plaintiffs argue that they "always intended to sue the United States of America for the crimes committed by its agents and or representatives" and "mistakenly thought [the United States] was the Federal Bureau of Investigation and its Agents."[1]   Plaintiffs further contend that the state-law claims asserted against the United States in the third amended complaint "were inherent in their initial complaint," although Plaintiffs concede that these tort claims "were not expressed explicitly in the original pro se complaint."

---

[1] Plaintiffs also assert that "[l]egally, the inquiry focuses on the Plaintiffs' state of mind at the time the initial Complaint was filed," but as we discussed above, the inquiry turns on what the *defendant* should have known.

No. 11-30260

The United States, by contrast, argues that it would have had no reason to believe Plaintiffs mistakenly failed to name it as a party in the original complaint.  The United States stresses that the original complaint "asserted 20 counts, plus equitable-relief claims in the Prayer for Relief, against 12 specific Defendants."  However, the original complaint failed to name the United States, as did the first and second amended complaints.  Moreover, many of the claims asserted in the original complaint could not even be properly brought against the United States because they are barred by sovereign immunity.  *See, e.g.*, *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (stating that "[t]his Court has long recognized that suits against the United States brought under civil rights statutes are barred by sovereign immunity" and that *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), "provides a cause of action only against government officers in their individual capacities"); *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982) (stating that a "suit for damages against the United States based on the Constitution is not contemplated by *Bivens* and its progeny").

The United States notes that a mistake in naming parties can sometimes be apparent when a cause of action is only cognizable against the United States. For example, the FTCA provides that the United States is the proper defendant in an FTCA action based on the acts of "any employee of the Government . . . acting within the scope of his office or employment."  28 U.S.C. § 2679(b)(1); *McLaurin v. United States*, 392 F.3d 774, 777 (5th Cir. 2004) ("Section 2679 of the FTCA provides that a suit against the United States is the exclusive remedy for damages for injury or loss of property 'resulting from the negligent or wrongful conduct of any employee of the Government while acting within the scope of his office or employment.'") (quoting 28 U.S.C. § 2679(b)(1)). In the context of FTCA actions, courts sometimes find that amendments relate

7

back to the date of the original complaint in light of the fact that the United States is the *only* proper defendant.  *See, e.g.*, *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).  However, the United States maintains that the original complaint did not contain any such claims.

Plaintiffs argue that they did, in fact, assert claims in which the United States was the only proper party, citing the Westfall Act, 28 U.S.C. § 2679.[2]  It is true that 28 U.S.C. § 2679 does create an exclusive remedy against the United States for FTCA claims.  *See McLaurin*, 392 F.3d at 777.  However, the original complaint did not allege any claims under the FTCA, and the claims Plaintiff did assert were not of a type that could only be brought against the United States.  *See* 28 U.S.C. § 2679(b)(2)(A), (B) (providing that suits against employees of the United States are not precluded for civil actions "brought for a violation of the Constitution of the United States" or "brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized").  Thus, Plaintiffs' original claims do not support a finding of notice based on the failure to name the only proper defendant.

Plaintiffs' amended complaints also fail to support Plaintiffs' relation-back arguments.  No claims were added in the first amended complaint, but in the second amended complaint, Plaintiffs asserted additional claims, including tort claims under Louisiana law against FBI defendants.  Under Rule 15(c), however, notice of any mistake in failing to name the United States as a party must have

---

[2] Plaintiffs also argue that the district court erred by failing to substitute the United States as a party based on the Westfall Act.  Plaintiffs, however, do not develop this argument apart from their relation-back contentions under Rule 15(c).  Thus, we limit our analysis of the issue of substitution to its potential impact on the notice requirement of Rule 15(c).  Although we give a liberal construction to Plaintiffs' pro se brief, we find that Plaintiffs have waived any further arguments related to substitution by failing to brief them adequately.  *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) ("Although we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28."); *Nw. Enters Inc. v. City of Houston*, 352 F.3d 162, 183 n.24 (5th Cir. 2003) ("A litigant's failure to provide legal or factual analysis results in waiver.").

been given within the period set out by Federal Rule of Civil Procedure 4(m), which in this case was by June 30, 2008. The second amended complaint was not filed until February 20, 2009. Thus, even if the United States should have known that Plaintiffs made a mistake concerning its identity based on the second amended pleading, an issue we do not decide, this notice would have occurred too late to satisfy the requirements for relation back under Rule 15(c).

We find that Plaintiffs have not demonstrated that, "within the period provided by Rule 4(m) for serving the summons and complaint," the United States "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *See* Fed. R. Civ. P. 15(c). Plaintiffs have not shown that, based on the original complaint, the United States should have known it was not sued because of a mistake regarding its identity. Even if the types of wrongs described in the original complaint could be read to suggest that claims against the United States could be properly asserted, this is insufficient to show a mistake was made in failing to name the United States as a party. Moreover, the subsequent amended complaints were not filed in time to provide the United States with the notice required under Rule 15(c). Thus, because the claims against the United States were not timely filed and Plaintiffs have not shown that claims filed outside of the limitations period should relate back to the date of the original complaint, the district court correctly dismissed the Plaintiffs' claims against the United States.

## III. CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court. Costs shall be borne by Plaintiffs.